**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 05-4345

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ELMARIO YOUNG,

Defendant - Appellant.

Appeal from the United States District Court for the District of
South Carolina, at Greenville.  Henry M. Herlong, Jr., District
Judge.  (CR-03-1092)

Submitted:  February 28, 2006          Decided:  May 25, 2006

Before KING and SHEDD, Circuit Judges, and HAMILTON, Senior Circuit
Judge.

Affirmed by unpublished per curiam opinion.

Janis Richardson Hall, Greenville, South Carolina, for Appellant.
Regan Alexandra Pendleton, Assistant United States Attorney,
Greenville, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Pursuant to a plea agreement, Elmario Young pled guilty to conspiracy to distribute and possess with intent to distribute more than five kilograms of cocaine and fifty grams of crack cocaine in violation of 21 U.S.C. § 846 (2000), and was sentenced to 192 months' imprisonment. Young's counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating no meritorious issue exists on appeal but questioning whether the district court complied with Fed. R. Crim. P. 11 during the guilty plea colloquy.[*] We affirm.

Young did not move in the district court to withdraw his guilty plea; therefore, his challenge to the adequacy of the Rule 11 hearing is reviewed for plain error. United States v. Martinez, 277 F.3d 517, 525 (4th Cir. 2002) (holding that "plain error analysis is the proper standard for review of forfeited error in the Rule 11 context"). This analysis requires the reviewing court to determine whether there was error, whether the error was plain, and whether it affected the defendant's substantial rights. Id. at 524. If a defendant establishes these requirements, the court's "discretion is appropriately exercised only when failure to do so would result in a miscarriage of justice, such as when the defendant is actually innocent or the error seriously affects the

_____

[*]Young received an extension of time in which to file a pro se supplemental brief, but he did not submit a brief.

fairness, integrity or public reputation of judicial proceedings." United States v. Hughes, 401 F.3d 540, 555 (4th Cir. 2005) (internal quotation marks and citation omitted). Given this standard and based on a thorough review of the materials before the court, including the guilty plea transcript, we find no plain error in the district court's taking of Young's plea.

Pursuant to Anders, we have examined the entire record and find no meritorious issues for appeal. Accordingly, we affirm Young's conviction and sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that the petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED